MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
max.fischer@morganlewis.com
Samson C. Huang, Bar No. 273785
samson.huang@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Katya N. Abelsky, Bar No. 346570
katya.abelsky@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendants
AMAZON.COM INC., and
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW STEPHENSON, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:24-cv-03001<br><br>[Santa Clara County Superior Court, Case No. 24CV434301]<br><br>**AMAZON DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28. U.S.C. §§ 1332, 1441, 1446]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Amazon.com Inc., and Amazon.com Services LLC (together, "Amazon"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Santa Clara, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million. Amazon will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction. This removal is based on the following grounds:

**I.        PROCEDURAL BACKGROUND**

1. On April 2, 2024, Plaintiff Matthew Stephenson ("Plaintiff") filed an unverified putative class action complaint against Defendants Amazon.com Inc., and Amazon.com Services LLC in the Superior Court of the State of California for the County of Santa Clara, in the matter entitled *Matthew Stephenson, as an individual and on behalf of others similarly situated, v. AMAZON.COM INC., and AMAZON.COM SERVICES LLC, and DOES 1 through 100, Inclusive,* Case No. 24CV434301, a true and correct copy of which is attached as **Exhibit A** ("Complaint").

2. Amazon is informed and believes, and on that basis alleges, that none of the other fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

3. On April 9, 2024, Plaintiff provided counsel for Amazon with a Notice and Acknowledgment of Receipt. Counsel for Amazon executed the Notice and Acknowledgment of Receipt on April 17, 2024. A true and correct copy of the executed Notice and Acknowledgement of Receipt is attached hereto as **Exhibit B**.

4. On May 17, 2024, Amazon filed and served its Answer to the Complaint. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

5. All other documents and orders filed in the state court action are attached hereto as **Exhibit D**. Exhibits A-D constitute all of the pleadings, process, and orders served upon Amazon or filed in the Superior Court action.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

AMAZON DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT
[28. U.S.C. §§ 1332, 1441, 1446]

6. In the Complaint, Plaintiff asserts claims on behalf of the following putative classes:

> All current and former non-exempt employees of Defendants who: (i) worked at Amazon warehouses, distribution centers, and fulfillment centers in California in a position eligible to earn Vacation Wages; (ii) whose employment ended (either voluntarily or involuntarily) at any time from April 2, 2020, through the present; and (iii) were paid non-discretionary incentive pay during pay periods of employment with Defendants where Defendants also paid out Vacation Wages ("Vacation Regular Rate Class" or "Vacation Regular Rate Class Members"); and

> All former employees of Defendants who: (i) worked at Amazon warehouses, distribution centers, and fulfillment centers in California in a position eligible to earn [Paid Personal Time ("PPT")]; (ii) whose employment ended (either voluntarily or involuntarily) at any time from April 2, 2021, through the present; and (iii) at the time of separation had not hit any balance or accrual cap on PPT imposed by Defendants ("PPT Class" or "PPT Class Members").

Compl. ¶ 17.

7. On behalf of himself and the putative class, Plaintiff asserts causes of action for: (1) violation of Labor Code section 227.3 (*see* Compl. ¶¶ 33-35); and (2) Violation of Business & Professions Code section 17200, *et seq.* (*see* Compl. ¶ 37). Plaintiff also asserts that Amazon is liable for waiting time penalties, under Labor Code section 203, for its alleged violation of section 227.3. *See* Compl. ¶¶ 23, 34, and 35.

8. Amazon has calculated the amount in controversy as set forth below based only on Plaintiff's theory that "[Amazon's] willful failure to pay all Paid Personal Time and/or Vacation Wages due and owing the Class upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due". Compl. ¶ 34. Amazon denies that it violated any laws, or that Plaintiff is entitled to any relief. Amazon reserves the right to provide additional calculations if Plaintiff's theories change.

## II. REMOVAL IS TIMELY

9. Pursuant to California Code of Civil Procedure section 415.30, service of summons in this matter was deemed complete on April 17, 2024. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b)

and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the 30-day period for removal runs from the service of summons and complaint).

10.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

11.  This lawsuit is a putative class action.[1] Removal based on the Class Action Fairness Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and Defendants; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Although Amazon denies Plaintiff's factual allegations and denies that Plaintiff—or the class he purports to represent—is entitled to the relief requested in the Complaint, based on Plaintiff's allegations in the Complaint and Prayer of Relief, all requirements for jurisdiction under CAFA have been met in this case.

### A. Diversity of Citizenship Exists.

12.  To establish CAFA's diversity requirement, a removing party must establish only that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)). Here, minimal diversity of citizenship exists because Plaintiff and Amazon.com Services LLC are citizens of different states.

13.  The citizenship of fictitious "Doe" defendants should be disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis

---

[1] Amazon denies and reserves the right to contest at the appropriate time that this action can properly proceed as a class action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

AMAZON DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT
[28. U.S.C. §§ 1332, 1441, 1446]

of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also*, *Soliman v. Philip Morris*, Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

### 1. Plaintiff is a Citizen of California.

14. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

15. In his Complaint, Plaintiff alleges that he was employed by Amazon in the State of California. *See* Compl. ¶ 8. Business records of Amazon reflect that Plaintiff's last known home address on file is in the State of California. The Complaint does not allege any alternative place of residence or state of citizenship for Plaintiff. *See generally,* Compl. Accordingly, on information and belief, Amazon alleges that Plaintiff is, and was at the time of filing of the Complaint, a citizen of California for diversity jurisdiction purposes. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'"). In addition, the Complaint defines two putative classes that are comprised of individuals who have "worked at Amazon warehouses, distribution centers, and fulfillment centers in California." Compl. ¶ 17. The minimal diversity requirement is satisfied for this reason as well because employees who work in Amazon warehouses, distribution centers, and fulfillment centers tend to reside in California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

AMAZON DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT
[28. U.S.C. §§ 1332, 1441, 1446]

### 2. Amazon.com Services LLC is a Citizen of Delaware and Washington.

16. Under CAFA, a limited liability company is deemed to be a citizen of the state under whose laws it is organized and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *2 (S.D. Cal. Feb 3, 2011) (same).

17. Defendant Amazon.com Services LLC is a limited liability company organized under the laws of Delaware. Its headquarters are in Seattle, Washington, where its officers direct, coordinate, and control its business operations. Thus, Defendant Amazon.com Services LLC is a citizen of Delaware and Washington. 28 U.S.C. § 1332(d)(10).

### B. The Putative Class Has More Than 100 Members.

18. CAFA's requirement that proposed class membership be no less than 100 individuals (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members.

19. Plaintiff seeks to represent "[a]ll current and former non-exempt employees of Defendants who: (i) worked at Amazon warehouses, distribution centers, and fulfillment centers in California in a position eligible to earn Vacation Wages[2]; (ii) whose employment ended (either voluntarily or involuntarily) at any time from April 2, 2020, through the present; and (iii) were paid non-discretionary incentive pay during pay periods of employment with Defendants where Defendants also paid out Vacation Wages"; and "all former employees of Defendants who: (i) worked at Amazon warehouses, distribution centers, and fulfillment centers in California in a position eligible to earn PPT; (ii) whose employment ended (either voluntarily or involuntarily) at any time from April 2, 2021, through the present; and (iii) at the time of separation had not hit any balance or accrual cap on PPT imposed by Defendants." Compl. ¶ 17.

///

---

[2] Plaintiff defines Vacation Wages as "including but not limited to vacation time, personal days, flexible days, paid time off, PTO, paid personal time, and other paid time off." Compl. ¶ 2.

20. Based on records available to Amazon, Amazon is informed and believes that Amazon has employed at least 1,500 individuals who meet the following conditions: (i) worked at an Amazon warehouse, distribution center, or fulfillment centers in California; (ii) were paid non-discretionary incentive pay during pay periods of employment with Amazon where Amazon also paid out "Vacation Wages", as defined by Plaintiff; and (iii) ended employment (either voluntarily or involuntarily) at any time from April 2, 2021 through the present. Thus, the putative class contains more than 100 members.

### C. The Amount in Controversy Exceeds $5,000,000.[3]

21. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). When a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

22. A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short

---

[3] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Amazon refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Amazon maintains that each of Plaintiff's claims lack merit and that Amazon is not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the FAC or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Amazon's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, Amazon denies that this case is suitable for class treatment.

and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an 'inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy' for purposes of CAFA removal).

23. The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint-much of which it presumably disagrees with-to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."). The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

24. The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42. As the United States Supreme Court has

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

AMAZON DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT
[28. U.S.C. §§ 1332, 1441, 1446]

advised, "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

25. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x. 646, 648 (9th Cir. March 8, 2012) (*citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

26. Although Amazon denies Plaintiff's factual allegations and denies that he—or the putative class he seeks to represent—is entitled to the relief for which Plaintiff has prayed, Plaintiff's allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

### 1. Plaintiff's Claim for Waiting Time Penalties Alone Puts At Least $5,000,000 in Controversy.

27. In support of his claims for waiting time penalties, Plaintiff alleges, "all members of the Class are entitled to compensation pursuant to Labor Code sections 201, 202 and 203" as a result of "Defendants' willful failure to pay all Paid Personal Time and/or Vacation Wages due and owing the Class upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due." Compl. ¶ 34; *see also* Compl. ¶¶ 23, 27 35; Prayer for Relief ¶ 4.

28. Section 203 penalties "accrue not only on the days that the employee might have worked, but also on nonworkdays," for up to 30 days, and the accrual of these penalties "has nothing

to do with the number of days an employee works during the month." *Mamika v. Barca*, 68 Cal. App. 4th 487, 492-93 (1998). As the "targeted wrong" addressed by Section 203 is "the delay in payment" of wages, that wrong "continues so long as payment is not made"; therefore, "[a] proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days." *Id.* at 493.

29. Based on records available to Amazon, Amazon is informed and believes that Amazon has employed at least 1,500 individuals in full-time positions who meet the following conditions: (i) worked at an Amazon warehouse, distribution center, or fulfillment center in California, (ii) were paid non-discretionary incentive pay during pay periods of employment with Defendants where Defendants also paid out Vacation Wages, and (iii) employment ended (either voluntarily or involuntarily) at any time from April 2, 2021, through the present.

30. Based on records available to Amazon, Amazon is informed and believes that, at all times from April 2, 2021 through the present, Amazon has always compensated individuals who worked at Amazon warehouses, distribution centers, or fulfillment centers in California at or above the California minimum wage.

31. Therefore, Amazon's conservative calculation of the amount in controversy for waiting time penalties is at least **$5,040,000** [(1,500 terminated class members) x ($14.00 hourly rate)[4] x (8 hours per day) x (30 days)]. This is a reasonable assumption because Plaintiff expressly alleges that "Defendants' willful failure to pay all Paid Personal Time and/or Vacation Wages due and owing the Class upon separation from employment results in a ***continued*** payment of wages up to thirty (30) days from the time the wages were due." Compl. ¶ 47 (emphasis added). It is therefore reasonable to calculate the amount in controversy for waiting time penalties based on a 30-day penalty calculated at each former employee's daily wage rate. *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, at *6 (N.D. Cal. Apr. 22, 2013) (finding that the defendants' waiting time penalties calculation was "supported by Plaintiffs' allegations" and was "a reasonable estimate of the potential value of the claims" where the complaint alleged that the defendants

---

[4] For the purpose of calculating the amount in controversy for waiting time penalties, Amazon here relies on the lowest applicable minimum wage from April 2, 2021 through the present.

"'regularly required'" putative class members to work off-the-clock without compensation, and the defendants estimated that each putative class member "potentially suffered at least one violation that continues to be unpaid"); *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding it reasonable for the defendant to assume, in light of the allegations in the complaint that members of the putative class "'routinely'" missed meal periods, that "all members of the proposed class . . . would have missed a meal period as described in the complaint at least once and were thus entitled to the waiting time penalty").

32.  In addition, Plaintiff seeks to recover statutory attorneys' fees. Compl. Prayer for Relief. Future attorneys' fees are properly included in determining the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). Amazon is informed and believes that counsel for Plaintiff has claimed attorneys' fees of 25% or more in wage and hour class actions. Using 25% of the amount in controversy as a benchmark for attorneys' fees here equates to **$1,260,000** in fees (25% of $5,040,000).

33.  Finally, the amount in controversy is substantially higher than the conservative estimates for waiting time penalties and attorneys' fees stated above, given that the predicate claims for violation of Section 227.3 and the UCL are not monetized here but contribute significantly to the total amount in controversy.

**D.    CAFA's Local Controversy Exception to Removal Does Not Apply.**

34.  The "local controversy" exception to CAFA jurisdiction also does not apply because during the three-year period prior to the filing of this action, more than one "class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . ." *See* 28 U.S.C. § 1332(d)(4)(A); *see also Chalian v. CVS Pharmacy*, Inc., No. CV1608979ABAGRX, 2017 WL 1377589, at *3 (C.D. Cal. Apr. 11, 2017) (holding that the local controversy exception did not apply where similar class action lawsuits had been filed against defendants in the past three years).

///

35.     Courts have interpreted the language of 28 U.S.C. § 1332(d)(4)(A))(ii) broadly in order to narrowly apply the exception. *See*, e.g., *Laddi v. Soraya Motor Co.*, 2017 WL 7053651, No. C17-0287-JCC, at *3 (W.D. Wash., May 5, 2017) (explaining that the definition of "same or similar" class action should "be interpreted liberally" and that two prior class actions filed in California disqualified the local controversy exception); *Jadeja v. Redflex Traffic Sys, Inc.*, 2010 WL 4916413, at *2–3 (N.D. Cal., Nov. 22, 2010) (Plaintiff's contention that the prior class action filed outside California was dissimilar failed because "the plain language of the statute" focused on whether the factual allegations against the defendant were similar.).

36.     During the three-year period prior to the filing of this action, at least one similar wage and hour class action lawsuit has been filed against Amazon, negating application of the home state exception.[5] *Martinez v. Darden Rests., Inc.*, 2015 WL 4480658, at *2 (C.D. Cal. July 22, 2015).

## IV. <u>VENUE</u>

37.     This action was originally filed in the California Superior Court for the County of Santa Clara.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. <u>NOTICE</u>

38.     Amazon will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

39.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders served" upon Amazon as well as other documents filed in the state court action are filed concurrently with this Notice of Removal as exhibits hereto.

## VI. <u>CONCLUSION</u>

Based on the foregoing, Amazon requests that this action be removed to this Court.  If any question arises as to the propriety of the removal of this action, Amazon respectfully requests the

---

[5] *See, e.g., Teresa Carlisle, et al. v. Amazon.com Inc., et al.*, N.D. Cal. Case No. 3:22-CV-06856-TLT-SK (filed in the Superior Court of the State of California on July 14, 2022).

opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: May 17, 2024                    MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Samson C. Huang*
　　　Max Fischer
　　　Brian D. Berry
　　　Samson C. Huang
　　　Katya N. Abelsky

Attorneys for Defendants
AMAZON.COM INC., and
AMAZON.COM SERVICES LLC