1  **DIVERSITY LAW GROUP, P.C.**
2  Larry W. Lee (State Bar No. 228175)
   Kristen M. Agnew (State Bar No. 247656)
3  Max W. Gavron (State Bar No. 291697)
   Kwanporn "Mai" Tulyathan (State Bar No. 316704)
4  515 S. Figueroa Street, Suite 1250
   Los Angeles, CA 90071
5  (213) 488-6555
6  (213) 488-6554 facsimile
   lwlee@diversitylaw.com
7  kagnew@diversitylaw.com
   mgavron@diversitylaw.com
8  ktulyathan@diversitylaw.com

9  Attorneys for Plaintiff Matthew Stephenson and the Class
   *(Continued on the Next Page)*
10

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| MATTHEW STEPHENSON, as an individual and on behalf of others similarly situated, | **CASE NO.**  3:24-cv-03001-RFL |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| v. | (1) **VIOLATION OF LABOR CODE § 227.3;** |
| AMAZON.COM INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability corporation; and DOES 1 through 100, inclusive, | (2) **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*;** |
| Defendants. | **DEMAND OVER $25,000.00** |

**MARLIN & SALTZMAN, LLP**
Cody R. Kennedy, Esq. (State Bar No. 296061)
ckennedy@marlinsaltzman.com
Tatiana Avakian, Esq. (State Bar No. 298970)
tavakian@marlinsaltzman.com
29800 Agoura Road, Suite 210
Agoura Hills, California  91301
Telephone: (818) 991-8080
Facsimile: (818) 991-8081

**LAW OFFICES OF PETER M. HART**
Peter M. Hart (State Bar No. 198691)
hartpeter@msn.com
Ashlie E. Fox (State Bar No. 294407)
ashlie.fox.loph@gmail.com
12121 Wilshire Blvd., Suite 525
Los Angeles, California  90025
Telephone: (310) 439-9298
Facsimile: (509) 561-6441

Attorneys for Plaintiff Matthew Stephenson and the Class

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Matthew Stephenson ("Plaintiff") hereby submits this First Amended Class Action Complaint against Amazon.com Inc., Amazon.com Services LLC, and DOES 1-100 (hereinafter collectively referred to as "Defendants" or "Amazon") on behalf of himself and all other similarly situated current and former employees of Defendants for penalties and/or damages for violation of the California Labor Code, and restitution for unfair business practices in violation of Business and Professions Code section 17200 *et seq.*, as follows:

## INTRODUCTION

1. This class action complaint challenges systemic illegal employment practices resulting in violations of California Labor Code section 227.3, California Business and Professions Code section 17200 *et seq.* (the "UCL"), and the applicable Wage Orders of the California Industrial Welfare Commission ("IWC").

2. Plaintiff is informed and believes and based thereon alleges that Defendants, jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by: (a) failing to pay earned, but unused Paid Personal Time ("PPT") upon separation of employment, in violation of Labor Code section 227.3; and (b) engaging in Unfair Business Practices in violation of the UCL, the California Labor Code and the applicable IWC Wage Orders.

3. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things, a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees their wages, such as PPT.

4. The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

5. The Court has jurisdiction of the violations of the California Labor Code sections 227.3, and California Business & Professions Code section 17200, et seq.

6. Plaintiff originally alleged venue is proper in the Superior Court for the County of Santa Clara because Defendants, and each of them, conducts business in and has employees in the State of California and County of Santa Clara.

7. On May 17, 2024, Defendants removed the action to this Court. Defendants contend that federal jurisdiction is appropriate pursuant to the Class Action Fairness Act. (Dkt. No. 1.)

**PARTIES**

8. Plaintiff Matthew Stephenson was employed by Defendants as an hourly, non-exempt employee at an Amazon fulfillment center from approximately January 25, 2022, to July 12, 2022.

9. Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Inc. was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Santa Clara, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

10. Plaintiff is informed and believes and based thereon alleges that Defendant Amazon.com Services LLC was and is a Delaware corporation with its headquarters located at Seattle, Washington that is registered with the California Secretary of State and does business in the State of California, including in the County of Santa Clara, and employed Plaintiff and other similarly situated employees throughout the State of California as further defined herein.

11. Defendants have operation locations and employees throughout the State of California including in and/or around Santa Clara County and employs several thousand employees such as Plaintiff at any given time in the State of California.

12. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

13. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said

Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

15. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each of the named Defendants was the joint employer, agent, employer, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**CLASS ACTION ALLEGATIONS**

18. **Definition**: The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure section 382, of the following class:

      a.  All former employees of Defendants who: (i) worked at Amazon warehouses, distribution centers, and fulfillment centers in California in a position eligible to earn PPT; (ii) whose employment ended (either voluntarily or involuntarily) at any time from April 2, 2021, through the present; and (iii) at the time of separation had not hit any balance or accrual cap on PPT imposed by Defendants ("PPT Class" or "PPT Class Members").[1]

19.    **Numerosity and Ascertainability**: The members of the Classes are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) failed to pay earned, but unused Paid Personal Time upon separation of employment, in violation of Labor Code section 227.3; and (b) engaged in Unfair Business Practices in violation of the UCL, the California Labor Code and the applicable IWC Wage Orders.

20.    **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

21.    **Common Question of Law and Fact**: There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) failing to pay earned, but unused Paid Personal Time upon separation of employment, in violation of Labor Code section 227.3; and (b) engaging in Unfair Business Practices in violation of the UCL, the California Labor Code and the applicable IWC Wage Orders.

22.    **Typicality**: The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harms alleged in this Complaint in a similar and typical manner as the Class Members. As with all members of the Class, Defendants offered Plaintiff Paid Personal Time as a form of deferred compensation. During his employment with Defendants, Plaintiff earned toward a

---

[1] Plaintiff refers to the PPT Class as the "Class" and/or "Class Members."

set of promised Paid Personal Time days, which could be used for any purpose, including vacation. However, as a matter of corporate policy, such earned Paid Personal Time is forfeited and not cashed out upon separation of employment. Upon separation of employment, Defendants failed to pay Plaintiff earned and vested Paid Personal Time.

23. To date, Plaintiff has yet to receive the underpaid and/or unpaid Paid Personal Time. On information and belief, Defendants are advised by skilled lawyers and have litigated many wage and hour actions predicated on the California Labor Code such that they knew or should have known of the violations alleged herein. Accordingly, Defendants acted willfully in failing to pay employees the wages alleged to be owed in this action. Thus, Defendants are liable for waiting time penalties under Labor Code section 203.

24. The California Labor Code upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

25. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

26. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against Defendants and which would establish potentially incompatible standards of conduct for Defendants, and/or (b) adjudications with respect to individual class members which

would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

27. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Classes identified herein, in a civil action, for unpaid wages, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code section 218.5 and 227.3, and Code of Civil Procedure section 1021.5.

28. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

29. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 227.3

**(Against All Defendants by Plaintiff and the PPT Class)**

30. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

31. This cause of action is brought pursuant to Labor Code section 227.3, which prohibits employers from forfeiting the vested PPT wages of their employees upon separation of employment.

32. Defendants offered PPT Class Members Paid Personal Time as a form of deferred compensation. PPT Class Members earned toward a set of promised Paid Personal Time days, which could be used for any purpose, including vacation. However, such earned Paid Personal Time is forfeited and not cashed out upon separation of employment. As a matter of uniform corporate policy, Defendants

did not pay PPT Class Members earned and vested Paid Personal Time upon separation of employment. To date, Plaintiff and PPT Class Members have not received wages representing the unpaid Paid Personal Time.

33. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to pay all Paid Personal Time due and owing the Class upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, all members of the Class are entitled to compensation pursuant to Labor Code sections 201, 202 and 203. The waiting time penalties sought in this Action are premised on claims related to or arising from Defendants' policies and practices as it relates to Labor Code § 227.3 and PPT only.

34. Such a pattern, practice and uniform administration of policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class in a civil action, for all damages or penalties pursuant to Labor Code sections 201, 202, 203 and 227.3, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code sections 201, 202, 203, 218.5 and 227.3.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

**(Against All Defendants by Plaintiff and the PPT Class)**

35. Plaintiff hereby incorporates by reference all preceding paragraphs as alleged above as if fully set forth herein.

36. Defendants have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above, including by: (a) failing to pay earned, but unused Paid Personal Time upon separation of employment, in violation of Labor Code section 227.3.

37. Defendants' utilization of such unfair and unlawful business practices constitutes unfair and unlawful competition and provides an unfair advantage over Defendants' competitors.

38. Plaintiff does not have an adequate remedy at law, and therefore seeks relief under the Unfair Competition Law ("UCL"). Because the statute of limitations of the UCL is four years, it provides Plaintiff an avenue of relief for an additional year of restitution for the lost wages alleged and

detailed above. Without the UCL, Plaintiff would be left without a legal avenue for recovering those lost wages. *See, e.g., Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 176 (2000) (noting under UCL, courts are authorized to "fashion remedies to prevent, deter, and compensate for unfair business practices" and to restore money to consumers or employees). Accordingly, Plaintiff seeks restitution through the UCL.

39. Plaintiff also pleads this cause of action in the alternative, as he is permitted to do.

40. Plaintiff seeks, individually and on behalf of other members of the Class, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices complained of herein.

41. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business & Professions Code section 17200, *et seq.*, including those set forth herein above thereby depriving Plaintiff and other Class Members the minimum working standards and conditions due to them under the California laws as specifically described therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on the behalf of the members of the class and the general public prays for judgment as follows:

1. For an order certifying the proposed class;
2. For an order appointing Plaintiff as the representative of the class;
3. For an order appointing Counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for all unpaid Paid Personal Time, pursuant to Labor Code section 227.3, for waiting time penalties pursuant to Labor Code sections 201-203 and for costs and attorneys' fees;
5. Upon the Second Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all unpaid Paid Personal Time unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200, et seq.;

6. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code sections 218.5, 227.3, and Code of Civil Procedure section 1021.5;

7. For all pre- and post-judgment interest; and

8. For such other and further relief the court may deem just and proper.

DATED:  November 11, 2024

**MARLIN & SALTZMAN, LLP**
**LAW OFFICES OF PETER M. HART &**
**DIVERSITY LAW GROUP, P.C.**

By:  */s/ Max W. Gavron*
Cody R. Kennedy
Tatiana Avakian
Peter M. Hart
Ashlie E. Fox
Larry W. Lee
Max W. Gavron
Kwanporn "Mai" Tulyathan
Attorneys for Plaintiff and the Class